UNITED STATES COURT OF APPEALS
**Filed 2/27/96**
TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RICK DEE KEEBLER,

      Defendant - Appellant.

No. 95-4090

(D.C. No. 94-CR-150-B)

(D. Utah)

---

ORDER AND JUDGMENT[*]

---

Before PORFILIO, McKAY, and KELLY, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant Rick Dee Keebler, after entering a conditional guilty plea, appeals the district court's denial of his motion to suppress evidence. Mr. Keebler also appeals the district court's decision to impose a $5,000 fine as part of his sentence. For the reasons

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

that follow, we affirm the denial of Mr. Keebler's suppression motion and the imposition of a $5,000 fine. We remand, however, for further consideration of Mr. Keebler's plea agreement in light of the Supreme Court's decision in Bailey v. United States, 116 S. Ct. 501 (1995).

In September 1994 Mr. Keebler was pulled over for speeding while driving in Utah. The police officer made a routine request for Mr. Keebler's driver's license and his vehicle registration. Mr. Keebler was unable to produce any vehicle registration papers, and the California driver's permit he gave to the officer was expired. Additionally, the Colorado license plates on the vehicle were not registered to Mr. Keebler's car. Upon further checking, the officer discovered that a different Colorado license plate number was registered to the vehicle. The officer then decided to impound the car.

While performing an inventory search, the officer discovered large quantities of a variety of drugs in Mr. Keebler's car. When Mr. Keebler began reaching around the front-seat area of the car, the officer interceded and found a loaded handgun under the front seat. Mr. Keebler was subsequently charged with possession with intent to distribute controlled substances pursuant to 21 U.S.C. § 841(a)(1) as well as with use and carrying of a firearm in relation to a drug trafficking crime pursuant to 18 U.S.C.

2

§ 924(c). Mr. Keebler sought to suppress the drug evidence, asserting that the officer impermissibly inventoried the contents of his car. The district court denied the motion to suppress. Subsequently, Mr. Keebler pled guilty to possession of methamphetamine with intent to distribute and to the gun count. He reserved his right to appeal the suppression decision. The district court sentenced Mr. Keebler to 262 months in prison for the drug count and to a consecutive five years for the gun count. It also imposed a $5,000 fine.

Mr. Keebler first argues that the police officer's impoundment of his car was an unreasonable seizure in violation of the Fourth Amendment. We decline to review this issue because Mr. Keebler failed to raise it before the magistrate judge or the district court. The record reveals that Mr. Keebler challenged the police officer's inventory of the car but not the initial decision to impound it.

Next, Mr. Keebler argues that the district court abused its discretion when it imposed a $5,000 fine as part of his sentence. We review this decision for plain error because Mr. Keebler failed to object to the fine during the district court proceedings. United States v. Saucedo, 950 F.2d 1508, 1511 (10th Cir. 1991), cert. denied, 507 U.S. 942 (1993).

Sentencing Guideline § 5E1.2(a) provides that a fine shall be imposed in all cases except where the defendant establishes that he is unable to pay a fine or is not likely to ever become able to pay a fine. The district court recognized that Mr. Keebler currently had no ability to pay $5,000 but relied on the fact that he could earn money by working in the prison work system. R., supp. v. III, at 5. In United States v. Williams, 996 F.2d 231 (10th Cir. 1993), we upheld a $13,000 restitution order under similar circumstances. The defendant had no current financial resources, but he had been sentenced to twenty years in prison. The district court reasoned that the defendant would be able to use money earned in prison to pay the restitution. Id. at 232. We held that the district court did not abuse its discretion. Id. at 235. The facts of Mr. Keebler's case fall squarely within the Williams holding. Thus, we cannot say that the district court abused its discretion, let alone that it committed plain error.

Finally, we point out that after Mr. Keebler pled guilty to the 18 U.S.C. § 924(c) gun count and after the appellate briefs were filed in this case, the Supreme Court decided Bailey v. United States, 116 S. Ct. 501 (1995). Bailey clarified the proper interpretation of § 924(c) with the result that many of the Tenth Circuit's prior § 924(c) cases may no longer be good law. Although we express no opinion on the merits of the matter, it may be possible that Mr. Keebler is not guilty of a crime under § 924(c). Thus, we remand to the district court with instructions to reconsider the propriety of Mr.

4

Keebler's guilty plea in light of <u>Bailey</u>.

We AFFIRM the district court's denial of Mr. Keebler's motion to suppress, AFFIRM the district court's decision to impose a $5,000 fine, and REMAND for reconsideration of Mr. Keebler's guilty plea to the § 924(c) count.

Entered for the Court


Monroe G. McKay
Circuit Judge