IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20339
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

vs.

JUAN ANTONIO ANDRADE,

Defendant-Appellant,

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

May 14, 1996

Before: SMITH, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM.

In this direct appeal from his conviction and sentence, Juan Antonio Andrade seeks to vacate his guilty plea to one count of use of a firearm during and in relation to drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1), on the ground that an intervening Supreme Court decision interpreting that statute, *Bailey v. United States*, __ U.S. __, 116 S. Ct. 501, 133 L.Ed.2d 472 (1995), renders the factual basis of his plea insufficient to support his conviction.

Andrade was charged by superseding indictment with one count each of conspiring to possess cocaine with intent to

distribute, in violation of 21 U.S.C. §§ 841 and 846; aiding and abetting the possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 2; knowing use of a firearm during and in relation to these drug trafficking offenses, in violation of 18 U.S.C. § 924(c)(1); and knowing possession of a firearm affecting interstate commerce by an illegal alien, in violation of 18 U.S.C. § 922(g)(5). On January 19, 1995, Andrade pleaded guilty to all four counts. He was sentenced on April 13, 1995, to a total of 228 months imprisonment and five years of supervised release, including a consecutive term of imprisonment of 60 months for the use of a firearm charge, as required by § 924(c)(1). On May 1, 1995, Andrade filed a timely notice of appeal of his conviction and sentence.

The factual basis supporting the conviction for violating 18 U.S.C. § 924(c)(1) established that during a consent search of Andrade's residence, police found a .357 magnum revolver under a mattress in the bedroom, approximately six to eight feet from the closet in which a stash of cocaine was hidden. At the time of his plea, these facts adequately supported a conviction for the firearm offense in this circuit. *See, e.g., United States v. Willis*, 6 F.3d 257, 264-65 (5th Cir. 1993); *United States v. Mora*, 994 F.2d 1129, 1140-41 (5th Cir.), *cert. denied*, __ U.S. __, 114 S. Ct. 417, 126 L.Ed.2d 363 (1993).

While this appeal was pending, the Supreme Court decided *Bailey v. United States*, __ U.S. __, 116 S. Ct. 501, 133 L.Ed.2d 472 (1995). In that case, the Court held that a conviction for use of

a firearm requires a showing "that the defendant actively employed the firearm during and in relation to the predicate crime." *Id.* at 509. As the Court observed, "[a] defendant cannot be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds. Storage of a firearm, without its more active employment, is not reasonably distinguishable from possession." *Id.* at 508. The factual basis for Andrade's plea clearly establishes no more than mere possession and, under *Bailey*, is insufficient to support a conviction for use of a firearm in relation to the predicate drug offenses.[1] Indeed, the Government concedes that the factual basis in the record is inadequate under *Bailey* and that the appropriate remedy is to vacate Andrade's conviction on count 3 of the indictment.[2]

---

[1] As this case comes before us on direct appeal, there is no question regarding whether *Bailey* applies retroactively. *Harper v. Virginia Dep't of Taxation*, __ U.S. __, 113 S. Ct. 2510, 2516-17, 125 L.Ed.2d 74 (1993); *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S. Ct. 708, 716, 93 L.Ed.2d 649 (1987). We note, however, that whether the standards governing the retroactivity of new rules of criminal procedure on collateral review, as articulated in *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L.Ed.2d 334 (1989), likewise apply to decisions interpreting substantive criminal statutes is an issue that has not been decided in this circuit. *But see, e.g., United States v. McKie*, 73 F.3d 1149, 1153 (D.C. Cir. 1996) (*Teague*'s bar on retroactive application of new rules of criminal procedure inapplicable to case raising retroactivity of decision interpreting substantive criminal statute); *United States v. Dashney*, 52 F.3d 298, 299 (10th Cir. 1995)(*Teague* inappropriate to analyze retroactivity of "a substantive non-constitutional decision concerning the reach of a federal statute."); *United States v. Woods*, 986 F.2d 669, 676-77 (3rd Cir.)(retroactivity doctrine differs depending on whether decision announces new rule of procedure or substantive law), *cert. denied*, __ U.S. __, 114 S. Ct. 90, 126 L.Ed.2d 58 (1993).

[2] The Government apparently seeks no more than that this case be remanded to the district court for resentencing so that the Government may seek a two-level increase under the

A plea of guilty typically waives all non-jurisdictional defects in the proceedings below. *See, e.g., United States v. Miramontez*, 995 F.2d 56, 60 (5th Cir. 1993); *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993). Nonetheless, in this particular context, where intervening law has established that a defendant's actions do not constitute a crime and thus that the defendant is actually innocent of the charged offense, application of this rule is misplaced. We have previously permitted attacks on guilty pleas on the basis of intervening decisions modifying the substantive criminal law defining the offense. *See, e.g., United States v. Knowles*, 29 F.3d 947 (5th Cir. 1994)(vacating conviction under Gun Free School Zones Act following circuit decision striking law as unconstitutional); *United States v. Presley*, 478 F.2d 163 (5th Cir. 1973)(holding that district court abused discretion in denying motion to withdraw plea based on intervening Supreme Court decision that may have rendered factual basis of plea insufficient); *see also United States v. Lucia*, 423 F.2d 697 (5th Cir. 1970)(en banc)(Supreme Court decisions establishing absolute defense to charge applied retroactively to vacate plea on collateral review)(affirming in part *United States v. Lucia*, 416 F.2d 920 (5th Cir. 1969)), *cert. denied*, 402 U.S. 943, 91 S. Ct. 1607, 29 L.Ed.2d 111 (1971). Similarly, courts have permitted guilty pleas

---

Sentencing Guidelines for possession of a firearm during a drug trafficking offense pursuant to U.S.S.G. § 2D1.1(b)(1). Although we agree remand is required, the particular relief requested by the Government is not properly before us, and we express no view on the appropriateness of altering the Guideline range.

to be withdrawn where the defendant pleaded guilty to something that is not a crime. In *United States v. Barboa*, 777 F.2d 1420 (10th Cir. 1985), a defendant brought a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging *inter alia* that his guilty plea to a conspiracy charge was invalid because his alleged co-conspirator was actually a government informant. The court held that no indictable conspiracy existed where the only parties were the defendant and government agents or informants, and that the district court had abused its discretion in denying an evidentiary hearing to determine whether the person with whom defendant purportedly conspired was actually a government agent. The court, moreover, observed that "[i]f Barboa pled guilty to something which was not a crime, he is not now precluded from raising this jurisdictional defect, which goes 'to the very power of the State to bring the defendant into court to answer the charge brought against him.'" *Id.* at 1423 n. 3 (quoting *Blackledge v. Perry*, 417 U.S. 21, 30, 94 S. Ct. 2098, 2103, 40 L.Ed.2d 628 (1974). *See also United States v. Ruiz-Del Valle*, 8 F.3d 98 (1st Cir. 1993)(holding that defendant should have been allowed to withdraw guilty plea post-sentence in part on basis that the same district judge ruled that similar facts in co-defendant's case did not constitute crime).

We note, moreover, that every circuit court to have considered whether a defendant may withdraw his plea to a violation of 18 U.S.C. § 924(c)(1) in light of *Bailey*'s change in the law has addressed this issue on the merits. *See United States v. Garcia*,

5

1996 WL 128123 (8th Cir. March 25, 1996)(unpublished disposition)(summarily vacating guilty plea on direct appeal on basis of *Bailey*); *United States v. Keebler*, 78 F.3d 598 (10th Cir. 1996)(table), 1996 WL 84104 (10th Cir. Feb. 27, 1996)(remanding to trial court for reconsideration of plea in light of *Bailey*); *United States v. Abdul*, 75 F.3d 327 (7th Cir. 1996)(on appeal from denial of pre-sentence motion to vacate plea, finding the factual basis supporting plea insufficient under *Bailey* and remanding with instructions to vacate conviction and sentence under § 924(c)(1)); *United States v. Riascos-Suarez*, 73 F.3d 616, 622-23 (6th Cir. 1996)(on appeal from denial of post-sentence motion to withdraw plea, reassessing sufficiency of factual basis supporting defendant's *Alford* plea to violation of § 924(c)(1) in light of *Bailey*); *see also Bell v. United States*, ___ F.Supp. ___, 1996 WL 109272 (E.D.Mo.. March 12, 1996)(vacating plea on § 2255 motion on grounds pre-*Bailey* misunderstanding of the law rendered plea involuntary); *United States v. Fletcher*, ___ F.Supp. ___, 1996 WL 109782 (D.Kan. March 5, 1996)(permitting habeas petitioner to attack plea on ground that factual basis did not constitute a crime under *Bailey* and discussing cases); *United States v. McMillan*, 914 F.Supp. 1387 (E.D.La. 1996)(permitting pre-sentence withdrawal of plea on grounds that factual basis did not support "use" of firearm in light of *Bailey*).

The factual basis of Andrade's plea does not establish his "use" of a firearm within the meaning of 18 U.S.C. § 924(c)(1) as interpreted by the Supreme Court in *Bailey*. Consequently, his

conviction on that charge cannot stand. We thus vacate Andrade's conviction and sentence for violating § 924(c)(1) and remand this matter to the district court for proceedings not inconsistent with this opinion.