95 F.3d 1153
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold FARLEY, Defendant-Appellant.
 No. 96-3002.
 United States Court of Appeals, Sixth Circuit.
 Aug. 27, 1996.
 
 On Appeal from the United States District Court for the Southern District of Ohio, No. 95-00055; George C. Smith, Judge.
 S.D.Ohio
 REMANDED.
 Before: CONTIE, BATCHELDER, and MOORE, Circuit Judges
 PER CURIAM.
 
 
 1
 Defendant-appellant, Harold Farley, appeals his conviction for carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). For the following reasons, we remand this case to the district court.
 
 I.
 
 2
 On April 13, 1995, defendant Farley was indicted with six other defendants by the federal grand jury sitting in Columbus, Ohio in a 13-count indictment charging conspiracy to distribute marijuana. Farley was charged in seven different counts of the indictment.
 
 
 3
 The facts which led to the bringing of the indictment were as follows. In the late spring and early summer of 1993, narcotics detectives discovered a marijuana network in Columbus, Ohio headed by Alex Silva. Surveillance indicated that this group used a car lot known as Farley's Auto Zone as a distribution center for selling the drugs. On September 1, 1993, and October 22, 1993, defendant Farley distributed marijuana to a confidential informant at the Auto Zone. On June 1, 1994, about 95 pounds of marijuana was delivered to Daniel Cartright at 66 Rose Street, Magnetic Springs, Ohio, a residence owned by defendant Farley.
 
 
 4
 In July 1994, the United States Custom Service in Columbus, Ohio received information that nearly 200 pounds of marijuana was coming from Texas and was destined for an unknown customer in Columbus. An undercover cooperating individual and a customs agent brought the marijuana to Columbus and delivered it to couriers from Texas, who were to deliver the marijuana to the ultimate customer in Columbus. Surveillance indicated that Farley was the person in Columbus who was to take delivery of the marijuana. On July 7, 1994, Farley spent a number of hours with the couriers from Texas driving around Columbus and to his residence at 1229 Clement Street. The couriers drove a U-Haul truck carrying the marijuana to Farley's residence at 1229 Clement Street.
 
 
 5
 After a number of hours, Farley left the residence and a search warrant was executed at 1229 Clement Street. During the search, approximately 187 pounds of marijuana, which had been bagged into one pound Ziploc baggies, was seized. Also found during the search were two triple beam scales. Two of the couriers were still inside the residence. During the execution of the search warrant, defendant Farley returned home and was stopped riding in a blue Chevrolet Baretta automobile titled in his name. After he was arrested, his vehicle was searched. In the trunk of the car in a red sports-type bag, agents found ten pounds of marijuana and $8,000 in United States currency. They also found a loaded Raven .22 caliber semi-automatic pistol under or next to the red bag in the trunk of the car.
 
 
 6
 After being taken into custody, Farley was advised of his rights and gave a statement indicating that he had been involved with Mr. Silva for some time in the distribution of marijuana due to financial problems with his car lot. Farley told the officers that the pistol in the car was for his protection and that he had recently delivered approximately $50,000 in proceeds received from drug trafficking.
 
 
 7
 On September 11, 1995, pursuant to a written plea agreement, Farley pled guilty to counts one, ten, and eleven of the indictment. Count ten charged Farley with carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c).
 
 
 8
 During the Rule 11 hearing, the district court informed defendant Farley that in order to convict him of count ten, the United States would have to prove that he used or carried a firearm during a federal drug trafficking crime. Farley acknowledged understanding the elements of § 924(c). After a summary of the facts of the case, Farley acknowledged that he was guilty of count ten for violating 18 U.S.C. § 924(c).
 
 
 9
 Between the date of Farley's guilty plea and his sentencing, the United States Supreme Court issued an opinion, Bailey v. United States, 116 S.Ct. 501 (1995), in which the criteria for finding guilt under 18 U.S.C. § 924(c) changed.
 
 
 10
 On November 21, 1995, a sentencing hearing was held. During the hearing, Farley's attorney raised the applicability of Bailey to the facts of defendant's case and objected to the imposition of a sentence pursuant to count ten, the § 924(c) count. However, defendant's counsel did not make a motion to withdraw defendant's guilty plea for violating 18 U.S.C. § 924(c) in light of Bailey. The district court stated that it did not believe Bailey had an impact on the case.
 
 
 11
 On December 21, 1995, Farley was sentenced to a total term of 97 months' imprisonment, which included a 60-month consecutive sentence imposed for violating 18 U.S.C. § 924(c). Farley timely filed an appeal, arguing that there is insufficient evidence for his conviction for violating 18 U.S.C. § 924(c) because the gun was in the trunk of the car.
 
 II.
 
 12
 This case, in its present posture, presents a procedural problem because Farley is arguing that there is insufficient evidence for his conviction for an offense to which he pled guilty. He is asking this court to overturn his conviction without addressing his guilty plea.
 
 
 13
 We agree with defendant that the Supreme Court's decision in Bailey changed the requirements for conviction for a violation of 18 U.S.C. § 924(c). In Bailey, the Supreme Court interpreted the word "use" in the statute, which makes it a crime for using or carrying a firearm in relation to a drug trafficking offense. Although prior to Bailey, many courts had held that "use" included storage of the gun near drugs in order to protect a defendant's drug trafficking activities, the Supreme Court in Bailey indicated that mere storage or possession of a gun was not sufficient to come under the "use" prong of the statute. 116 S.Ct. at 508. The Court held that "use" meant active employment of the firearm, including brandishing or bartering with a firearm during a drug trafficking crime. Id. In the present case, it is clear, and the United States concedes, that the gun at issue was not "used" within the meaning of Bailey, because it was in the trunk of the car. The issue is whether the gun was "carried" in relation to Farley's drug trafficking.
 
 
 14
 In the present case, the United States argues that:
 
 
 15
 Defendant's guilty plea to an offense charged under 18 U.S.C. § 924(c)(1) for carrying a firearm during and in relation to a drug trafficking offense should not be vacated pursuant to Bailey v. United States. When a defendant, who apparently has distributed a portion of drugs recently received from a stock of those drugs found in the trunk of his car with a loaded pistol acknowledged to be his for protection, then also acknowledges his guilt during a Rule 11 plea hearing, an 18 U.S.C. § 924(c) offense has been established."
 
 
 16
 Brief of Appellee at 9-10. The government argues that the facts to which defendant pled guilty indicate that on July 7, 1994, Farley took delivery of 200 pounds of marijuana at his home, broke it down into one pound packages in Ziploc baggies, left his residence with fifteen pounds of the marijuana, and consummated a sale of five pounds of marijuana for $8,000. When he returned home, $8,000 in cash and ten pounds of the marijuana he had taken with him were in the trunk of his car, next to a loaded pistol used for his protection. The government argues it is clear that the marijuana and the firearm were carried together in the trunk of the car to and from the place where the sale of the five pounds of marijuana for $8,000 occurred and the gun was, thus, carried in relation to a drug trafficking crime. The government argues that under such circumstances, defendant's conviction pursuant to his guilty plea is not affected by the Supreme Court's decision in Bailey.
 
 
 17
 A plea of guilty typically waives all nonjurisdictional defects in the proceedings below. Nonetheless, in this particular context, when intervening law has established that a defendant's actions allegedly do not constitute a crime, application of this rule is misplaced. United States v. Andrade, 83 F.3d 729, 731 (5th Cir.1996). Every court to have considered whether a defendant may challenge his guilty plea to a violation of 18 U.S.C. § 924(c) in light of Bailey has addressed this issue on the merits. United States v. Riascos-Suarez, 73 F.3d 616 (6th Cir.1996) (affirming the district court's denial of defendant's motion to withdraw guilty plea post-Bailey ); United States v. Abdul, 75 F.3d 327 (7th Cir.) (on appeal from denial of presentence motion to vacate guilty plea, the court found the factual basis supporting the plea insufficient in light of Bailey and remanded with instructions to vacate the defendant's sentence), cert. denied, 64 U.S.L.W. 3855 (1996)); Bell v. United States, 917 F.Supp. 681 (E.D.Mo.1996) (vacating plea pursuant to 28 U.S.C. § 2255 on grounds that pre-Bailey misunderstanding of the law rendered plea involuntary); United States v. McMillan, 914 F.Supp. 1387 (E.D.La.1996) (permitting presentence withdrawal of guilty plea on grounds that factual basis did not support use of firearm in light of Bailey ); Abreu v. United States, 911 F.Supp. 203 (E.D.Va.1996) (after defendant filed an amended § 2255 petition, government conceded evidence could not support a conviction under § 924(c) as construed by Bailey ).
 
 
 18
 However, in the present case, we decline to consider defendant's argument that there was insufficient evidence for his conviction because he has not addressed his guilty plea. Defendant had the opportunity prior to sentencing to make a motion before the district court to withdraw his guilty plea in light of Bailey, but failed to do so. We believe that before bringing an appeal to this court, defendant must first challenge the validity of his guilty plea.
 
 
 19
 In light of this court's opinion in United States v. Riascos-Suarez, 73 F.3d 616, 623 (6th Cir.1996), we would not find this case to be problematic, requiring further consideration in district court, if it were not for defendant's statement that he used the gun in the car for his protection and the gun's location next to the drugs which were being transported.[1] See United States v. Miller, 84 F.3d 1244 (10th Cir.1996); United States v. Spring, 80 F.3d 1450 (10th Cir.1996); United States v. Baker, 78 F.3d 1241 (7th Cir.1996); United States v. Ramirez-Ferrer, 82 F.3d 1149 (1st Cir.1996); United States v. Pimentel, 83 F.3d 55 (2d Cir.1996); United States v. Objlio Sueraff, 927 F.Supp. 30 (D.Puerto Rico 1996).
 
 
 20
 To conclude, we decline consideration of defendant's insufficiency of the evidence claim, which does not address his guilty plea.
 
 
 21
 We REMAND this case to the district court so that defendant may move to withdraw his guilty plea.
 
 
 
 [1]
 We do not mean to imply by this statement that Riascos-Suarez is controlling as the facts in the present case are clearly distinguishable. Because we conclude the case must be remanded, we make no decision about the merits and make no attempt to extend Riascos-Suarez beyond its facts