**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RICK DEE KEEBLER,

    Defendant-Appellant.

No. 97-4043
(D.C. No. 94-CR-150-01)
(District of Utah)

---

**ORDER AND JUDGMENT**[*]

---

Submitted on the briefs by agreement of the parties.

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

---

Rick Dee Keebler made a conditional plea of guilty to possession of cocaine with intent to distribute and using or carrying a firearm in relation to a drug trafficking offense. He appealed the denial of a motion to suppress and the imposition of a fine to this court. *United States v. Keebler*, 78 F.3d 598, No. 95-4090, 1996 WL 84104 (10th Cir.) (unpublished) *Keebler I*. The judgment of the district court was affirmed, but in the process we noted:

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Finally, we point out that after Mr. Keebler pled guilty to the 18 U.S.C. § 924(c) gun count and after the appellate briefs were filed in this case, the Supreme Court decided *Bailey v. United States*. . . . Although we express no opinion on the merits of the matter, it may be possible that Mr. Keebler is not guilty of a crime under § 924(c). **Thus, we remand to the district court with instructions to reconsider the propriety of Mr. Keebler's guilty plea in light of** *Bailey*.

*Id.* (emphasis added). Mr. Keebler is once again before us, this time asserting the district court did not follow our mandate because it did not hold an evidentiary hearing.

The pertinent facts upon which resolution depends are neither contested nor complex. In **Keebler I** we noted:

While performing an inventory search, the officer discovered large quantities of a variety of drugs in Mr. Keebler's car. When Mr. Keebler began reaching around the front-seat area of the car, the officer interceded and found a loaded handgun under the front seat. Mr. Keebler was subsequently charged with possession with intent to distribute controlled substances pursuant to 21 U.S.C. § 841(a)(1) as well as with use and carrying of a firearm in relation to a drug trafficking crime.

*Id.*

Because there had been no finding on which of the alternative violations of § 924(c) was the basis for Mr. Keebler's plea, we remanded to the district court for clarification. Nothing in the mandate even hinted that we wanted the district court to conduct an evidentiary hearing to make this determination. Our silence on the subject left the matter to the discretion of the district court.

As determined by our later decisions, it turns out the district court could comply with the mandate by the simple expedient of applying case law and reaching a legal

conclusion. Because it is not contested that Mr. Keebler had a loaded firearm under the driver's seat of the car he was operating and that vehicle was loaded with what the district court described as "a drug supermarket," it is uncontestable as a legal conclusion that Mr. Keebler carried a firearm in relation to a drug trafficking offense. *See* **United States v. Barnhardt**, 93 F.3d 706, 709 (10th Cir. 1996) (when a defendant pleads guilty to using and carrying, it is necessary the court only make an inquiry of whether there is a factual basis for the plea). Whether Mr. Keebler used the firearm is inconsequential because there is no doubt, as the district court properly concluded, there is a factual basis for his having carried it. Accordingly, no evidentiary hearing was necessary for the district court to reach that same conclusion.

**AFFIRMED**.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge