**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICK DEE KEEBLER,

Defendant - Appellant.

No. 02-4031
D.C. No. 2:01-CV-550-B
and 2:94-CR-150-B
(D. Utah)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

After examining the appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2). The case is, therefore, ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Rick Dee Keebler, a federal prisoner proceeding pro se, seeks a certificate of appealability (a "COA") to appeal the denial of his 28 U.S.C. § 2255 habeas corpus petition. Because we determine, like the district court, that Mr. Keebler filed his petition in an untimely manner, we deny a COA and dismiss this appeal.

## I. BACKGROUND

In 1995, Mr. Keebler entered a conditional guilty plea, and preserved his right to appeal. We affirmed the conviction, but remanded as to one count under Bailey v. United States, 516 U.S. 137 (1995). See United States v. Keebler, No. 95-4090, 1996 WL 84104 (10th Cir. Feb. 27, 1996). The district court held a hearing and determined that there was no Bailey violation. We affirmed that decision. See United States v. Keebler, No. 97-4043, 1997 WL 740792 (10th Cir. Dec. 2, 1097). Mr. Keebler sought no further review.

On July 18, 2001, Mr. Keebler filed the instant § 2255 habeas petition. In his petition, Mr. Keebler asserts (1) ineffective assistance of counsel, and (2) sentencing without jurisdiction under the Sentencing Reform Act of 1984. The district court did not reach the merits of Mr. Keebler's claims; rather the district court adopted the magistrate judge's report and recommendation and denied Mr. Keebler's habeas petition as "untimely." Rec. doc. 11, at 2 (Order, filed Jan. 31, 2002). Mr. Keebler timely filed this appeal.

## II. DISCUSSION

To determine whether Mr. Keebler is entitled to a COA when the district court has denied a habeas petition on procedural grounds, we examine whether he has made a substantial showing "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000) (construing 28 U.S.C. § 2253(c)). The denial of a § 2255 motion as time barred is a legal ruling that we review de novo. See United States v. Cox, 83 F.3d 336, 338 (10th Cir. 1996).

Under § 2255, a petitioner generally must file a petition within one year of "the date on which the judgment of conviction becomes final." The district court did not identify when Mr. Keebler's conviction became final. As he did not petition for certiorari review with the United States Supreme Court after his direct appeal, we conclude that his conviction became final when the ninety-day period for filing a petition expired. See United States v. Burch, 202 F.3d 1274, 1279 (10th Cir. 2000) (stating that "if a prisoner does not file a petition for a writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires."). Here, then, Mr. Keebler's time to file his § 2255 petition

-3-

would appear to have expired one year and ninety days after the entry of our order and judgment on December 2, 1997, or on March 9, 1998. Because Mr. Keebler did not file this habeas petition until July 18, 2001, Mr. Keebler's petition is untimely.

Mr. Keebler contends that the one-year limitation period is facially unconstitutional as applied to these § 2255 proceedings. Aplt's Br. at 2, 9. Mr. Keebler appears to claim that the one-year limitation on filing a first habeas petition under § 2255 violates the Suspension Clause, U.S. Const., art. I, § 9, cl 2. We addressed this issue in Miller v. Marr, 141 F.3d 976 (10th Cir. 1998) in regard to § 2254 petitions. That ruling applies equally in the present case. "Whether the one-year limitation period violates the Suspension Clause depends upon whether the limitation period renders the habeas remedy 'inadequate or ineffective' to test the legality of detention." Id. at 977 (citation and internal quotation marks omitted). Mr. Keebler bears the burden of proving inadequacy or ineffectiveness. Id.

"The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997) (quoting In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)). Rather, a habeas petitioner

must show that he is unable to use § 2255 and that a failure to otherwise hear his claim would raise serious constitutional questions. Mr. Keebler has failed on both points. He was unable to successfully employ § 2255 because of his lack of diligence in pursuing his federal claims, and he has failed to assert any serious constitutional questions arising from the denial of his habeas petition. Miller, 141 F.3d at 978.

## III. CONCLUSION

Having reviewed Mr. Keebler's appellate brief, the district court's order, the magistrate judge's report and recommendation, and the appellate record, and having liberally construed all of the materials submitted by Mr. Keebler, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), we DENY Mr. Keebler's outstanding motions, application for a COA and DISMISS this appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge