**UNITED STATES of America,**

v.

**Manuel A. RODERICK, Defendant.**

**No. 01–CR–03–B–S.**

United States District Court,
D. Maine.

Jan. 7, 2002.

Nancy Torresen, Gail Fisk Malone, U.S. Attorney's Office, Bangor, ME, for U.S.

Gregg D. Bernstein, Esq., Lipman & Katz, Augusta, ME, for Manuel A. Roderick.

## ORDER

SINGAL, District Judge.

Defendant pleaded guilty to violations of the Hobbs Act and federal firearms law. Presently before the Court is Defendant's Motion to Withdraw Pleas of Guilty (Docket # 118). For the following reasons, the Court DENIES Defendant's Motion.

## I. BACKGROUND

Defendant Manuel Roderick and two codefendants each were charged with four counts arising out of the armed robbery of a hotel: conspiring to commit robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a); using or carrying a firearm during or in relation to a crime of violence in violation of 18 U.S.C. § 924(c); possessing an unregistered short-barreled shotgun in violation of 26 U.S.C. § 5861(d); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Defendant's trial began on October 1, 2001. The government's first two witnesses were the victim and one of Defendant's codefendants. They testified as to the events of the robbery and Defendant's participation in it. Their testimony was consistent with a finding that the Defendant was guilty of the charged crimes. Other codefendants were scheduled to testify later in the trial.

During a recess in the middle of the first codefendant's testimony, defense counsel informed the Court that Defendant wished to plead guilty. The Court dismissed the jury and conducted a plea colloquy. Based on Defendant's responses, the Court accepted his pleas on all four counts. Defendant is currently awaiting sentencing on these counts. However, on December 3, 2001, Defendant moved to withdraw his guilty pleas pursuant to Rule 32(e). Fed. R.Crim.P. 32(e).

## II. DISCUSSION

A defendant has no absolute right to withdraw his guilty plea before he is sentenced. *United States v. Gonzalez,* 202 F.3d 20, 23 (1st Cir.2000) (citing *United States v. Muriel,* 111 F.3d 975, 978 (1st Cir.1997)). Rather, it is a defendant's burden to demonstrate that there is a "fair and just reason" for which the Court should permit him to withdraw his plea. *United States v. Castro–Gomez,* 233 F.3d 684, 686–87 (1st Cir.2000); *see* Fed. R.Crim.P. 32(e). If the defendant can show a fair and just reason, then the Court must consider the amount of prejudice the government would suffer were the defendant allowed to retract his plea. *Muriel,* 111 F.3d at 978.

The First Circuit has outlined four factors that courts should consider to determine whether the defendant has a "fair

and just reason" for seeking withdrawal.[1] *Id.* (citing *United States v. Sanchez–Barreto,* 93 F.3d 17, 23 (1st Cir.1996)). The most important factor is whether "in the light of emergent circumstances, the defendant's plea appropriately may be characterized as involuntary ... or otherwise legally suspect." *Id.* Additionally, a court should consider whether the reasons prompting the request to withdraw are plausible, the timing of the request, and whether the defendant has asserted his innocence. *Id.* None of these four factors weighs particularly in Defendant's favor in this case.

### A. Voluntariness of the Plea and Plausibility of Reasons for Withdrawal

Defendant's reasons for withdrawing his plea all seek to establish that the plea was not voluntary. The Court will therefore consider the first two factors together: whether the proffered reasons are plausible and whether they establish that the plea was not voluntary.

█ When a court taking a plea complies with Rule 11, the plea is ordinarily deemed to be knowing, voluntary, and intelligent. *United States v. Austin,* 948 F.2d 783, 787 (1st Cir.1991); *United States v. Ramos,* 810 F.2d 308, 312 (1st Cir.1987); *see* Fed.R.Crim.P. 11. Here, the Court conducted a plea colloquy in accordance with Rule 11 before accepting Defendant's plea and was satisfied at the time that his plea was knowing, intelligent, and voluntary.

Defendant does not claim that the procedure was inconsistent with the dictates of Rule 11. Rather, he contends that in spite of his assertions at the plea colloquy, his plea nevertheless was not voluntary because he had limited access to his family while was detained awaiting trial, and he was frightened. He also claims that he felt "trapped" by the testimony of his co-operating codefendants, whose testimony he believed would lead to conviction even though he was innocent. In short, he is now "aware of the mistake he made by pleading guilty." (See Def.'s Mot. at ¶ 4 (Docket # 118).)

█ Defendant's contention that he was frightened and separated from his family is certainly believable. Even if true, however, it does not seriously undermine the voluntariness of his plea. Indeed, it would be unusual if a criminal defendant facing a lengthy sentence did *not* find himself feeling frightened, anxious and isolated during his trial. Moreover, even if he overestimated the damage his codefendants' testimony could cause, misjudgment about the strength of the government's case is not grounds for withdrawing a plea. *Miranda–Gonzalez v. United States,* 181 F.3d 164, 165 (1st Cir.1999).

█ In the end, Defendant points to no significant irregularity either in his circumstances or the proceedings that would constitute grounds for withdrawing his plea. His reasons for now seeking to withdraw his plea thus appear to be no more than "garden-variety second thoughts" about his earlier decision. *United States v. Richardson,* 225 F.3d 46, 52 (1st Cir. 2000). A defendant who simply becomes

---

**1.** The First Circuit sometimes adds a fifth factor: whether the parties entered into a plea agreement. *See, e.g., United States v. Richardson,* 225 F.3d 46, 51 (1st Cir.2000), *cert. denied* 531 U.S. 1203, 121 S.Ct. 1216, 149 L.Ed.2d 128 (2001). However, it has noted that analysis of this factor is not always necessary. *United States v. Sanchez–Barreto,*

93 F.3d 17, 24 n. 4 (1st Cir.1996). Here, even though Defendant apparently entered into a plea agreement immediately before informing the Court that he wished to plead guilty, the agreement was essentially contemporaneous with the Rule 11 colloquy and its existence is not probative of whether that decision was voluntary.

unhappy with his decision to plead guilty does not state a fair and just reason for withdrawing his plea. *Austin,* 948 F.2d at 787.

## B. Timing of Motion

 The timing of Defendant's motion further detracts from his claims. " 'A swift change of heart' reduces the likelihood of prejudice to the government from permitting withdrawal, and strongly indicates that the plea was entered in 'haste and confusion.' " *Ramos,* 810 F.2d at 312 (citing *United States v. Barker,* 514 F.2d 208, 222 (D.C.Cir.1975)). On the other hand, the longer a defendant waits to seek to withdraw his plea, the more difficult his burden to establish that he has a fair and just reason for seeking the change. *See United States v. Isom,* 85 F.3d 831, 838 (1st Cir.1996).

Here, Defendant entered his guilty plea on October 1, 2001, and did not file his motion seeking to withdraw that plea until December 3, 2001. The First Circuit has held that a delay of two months in seeking to withdraw a plea counsels against a finding that there is a fair and just reason for permitting the retraction. *Id.* at 839.

Defendant claims that the delay is somewhat shorter than two months because he regretted his plea soon after entering it but did not know that he could seek to withdraw it until he inquired of his attorney. This argument is unavailing, however. In this context, as in others, ignorance of the law does not excuse a criminal defendant's filing delay. *Cf. Delaney v. Matesanz,* 264 F.3d 7 (1st Cir.2001) (holding that pro se prisoner's ignorance of law did not excuse failure to file habeas petition before the statutory deadline). Furthermore, Defendant does not explain why, despite his claimed immediate regret, he apparently waited several weeks to discuss the matter with his attorney.

## C. Assertion of Innocence

Finally, the Court must consider whether Defendant asserts that he is actually innocent of the crimes to which he pleaded guilty. However, the Court is not required to credit "bare protestations of legal innocence." *Sanchez–Barreto,* 93 F.3d at 24 (citing *Isom,* 85 F.3d at 839).

Defendant claims that he has maintained his innocence throughout these proceedings. It is true that like many defendants, Defendant pleaded not guilty initially and opted to put the government to its proof at trial. In that respect, he maintained his innocence until he determined to plead guilty. Again, however, his circumstances are not unusual and do not warrant withdrawal of the plea.

 Defendant unequivocally admitted his factual guilt during the Rule 11 proceeding. His later statement that he is innocent, absent any suggestion that he will be able to present exculpatory evidence, is insufficient to entitle him to withdraw the plea. *See id.; Ramos,* 810 F.2d at 313 ("[I]f defendant's factual contentions create no 'legally cognizable defense' to the charges, 'he has not effectively denied his culpability,' and the motion can be denied.") (quoting *Barker,* 514 F.2d at 220). Defendant thus fares no better on the last two factors than on the first two and has failed to meet his burden under Rule 32(e).

## III. CONCLUSION

For the above reasons, the Court DENIES Defendant's Motion to Withdraw Pleas of Guilty.

SO ORDERED.