**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Irma Lorena FIMBRES–MARTINEZ,**
**Defendant—Appellant.**

No. 00–50559.
D.C. No. CR–00–00189–JTM.

United States Court of Appeals,
Ninth Circuit.

Submission Deferred March 23, 2001.

Argued April 6, 2001.

Decided May 2, 2002.

Before BOOCHEVER and SILVERMAN, Circuit Judges, and GEORGE, District Judge.*

## ORDER

Effective immediately, the above-captioned case is submitted.

## MEMORANDUM **

Irma Lorena Fimbres–Martinez ("Fimbres") pled guilty to one count of importation of marijuana in violation of 21 U.S.C. §§ 952 and 960. Before sentencing, Fimbres moved to withdraw her guilty plea and dismiss the indictment in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court denied the motion and sentenced her to 18 months in prison and three years of supervised release. Fimbres appeals the denial of her motion. We affirm.

Fimbres argues that the district court should have dismissed the indictment because the drug statutes under which she was indicted, 21 U.S.C. §§ 952 and 960, are unconstitutional under *Apprendi*. This argument is foreclosed by our recent decisions in *United States v. Buckland*, 277 F.3d 1173 (9th Cir.2002) (en banc) and *United States v. Mendoza–Paz*, 286 F.3d 1104 (9th Cir.2002). Accordingly, the district court correctly denied Fimbres' motion to dismiss the indictment on this ground.

■ Fimbres also suggests that the indictment should have been dismissed because it failed to allege the quantity of marijuana imported. This argument has no merit; the indictment clearly stated that "defendant IRMA FIMBRES–MARTINEZ did knowingly and intentionally import approximately 154 kilograms (approximately 338.7 pounds) of marijuana . . . into the United States."

Finally, Fimbres challenges the district court's denial of her motion to withdraw her guilty plea. Under Rule 32(e), a district court may allow a defendant to withdraw her guilty plea before sentencing if the defendant shows "any fair and just reason." Fed. R.Crim. Proc. 32(e). Once a guilty plea has been accepted, a defendant has no right to withdraw it. *United States v. Rios–Ortiz*, 830 F.2d 1067, 1069 (9th Cir.1987). A district court's denial of a motion to withdraw a guilty plea is reviewed for an abuse of discretion. *Id.*

■ Because *Apprendi* did not invalidate the statutes under which Fimbres was charged, the district court did not abuse its discretion in finding that *Apprendi* provided no "fair and just reason" for Fimbres to withdraw her guilty plea. Moreover, during the Rule 11 colloquy, Fimbres admitted the facts underlying the offense. While it is true that, had Fimbres gone to trial, *Apprendi* might have required the government to prove the drug quantity to a jury beyond a reasonable doubt, this undermines neither the voluntariness of Fimbres' guilty plea nor the factual basis for that plea as admitted by Fimbres. The district court was not required to allow Fimbres "to disown [her] solemn admissions in open court that [she] committed the act with which [she was] charged simply because it later develop[ed] that the State would have had a weaker case than [she] had thought." *Brady v. United States*, 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *see also United States v. Muriel*, 111 F.3d 975, 980–82 (1st Cir.1997) (intervening Supreme Court decision that merely undermined strength of government's pre-plea case against defendant did not provide "fair and just reason" for withdrawal of

** The Honorable Lloyd D. George, Senior United States District Judge for the District of Nevada, sitting by designation.

guilty plea); *United States v. Knight,* 96 F.3d 307, 309 (8th Cir.1996) (same).

AFFIRMED.