**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to lst Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1636

UNITED STATES OF AMERICA,

Appellee,

v.

VICTOR MELÉNDEZ-DE-JESÚS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Torruella, Circuit Judge,
Coffin and Stahl, Senior Circuit Judges.

Lorenzo J. Palomares, by Appointment of the Court, on brief for appellant.
German A. Rieckehoff, Assistant United States Attorney, H.S. García, United States Attorney, and Sonia I. Torres-Pabón, Assistant United States Attorney, on brief for appellee.

March 24, 2004

**COFFIN, <u>Senior Circuit Judge</u>**.  This is the last chapter of a criminal prosecution for aiding and abetting in a drug transaction conspiracy, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2, and using a firearm in relation to such transaction, in violation of 18 U.S.C. § 924(c)(1)(A).  Appellant appeals from a judgment imposing a sentence of 84 months on the ground that the district court abused its discretion in refusing to allow him to withdraw his guilty plea.

This is a very hard row for appellant to hoe.  The standard of review, as appellant agrees, is abuse of discretion.  He also agrees that the burden of establishing a "fair and just" reason for withdrawal of a plea is upon the defendant and that the four criteria we employ in making this determination are (1) the plausibility of proffered reasons, (2) the timing of the motion for withdrawal, (3) the presence or absence of an assertion of innocence, and (4) the voluntariness or involuntariness of the plea in derogation of the requirements set out by Fed. R. Crim. P. 11.  <u>See</u> <u>United States</u> v. <u>Muriel</u>, 111 F.3d 975, 978 (lst Cir. 1997).  We add that we review findings of fact with "considerable deference . . . to the firsthand assessment" of the district court.  <u>United States</u> v. <u>Aker</u>, 181 F.3d 167, 170 (lst Cir. 1999)(citing <u>United States</u> v. <u>Marrero-Rivera</u>, 124 F.3d 342, 348 (lst Cir. 1997)).

We begin with the chronology of the plea proceedings, which reveals not only an absence of haste and pressure, but efforts to

accommodate appellant in moments of uncertainty or confusion. The first motion for change of plea occurred five months after appellant's not guilty plea at arraignment. Three weeks later, appellant asked the court to delay a change of plea hearing to reflect over discussions he had had with an attorney other than his own counsel, who had expressed an opinion that a more favorable plea agreement, eliminating the firearms charge, might be possible. The court granted a substantial continuance. Two months passed, in which a plea agreement was arrived at between the government and appellant, accompanied by a statement of facts which contained admissions of appellant that he had aided and abetted others in a drug transaction and was carrying a loaded firearm. A change of plea hearing was held on October 26, 2001. Three months elapsed. Then, on January 25, 2002, a motion to withdraw the plea was filed. This was denied almost four months later.

In addressing the criteria of "fair and just" reasons for change of plea, we note the three month delay in filing the motion to withdraw the guilty plea. Appellant here faces a considerable obstacle in overcoming the disfavor accompanying such a belated motion as that in this case. See, e.g., United States v. Parilla-Tirado, 22 F.3d 368, 373 (lst Cir. 1994).

The justification advanced in the motion consisted of the following sentences: "Defendant further advised he had always wanted to exercise his right to a jury trial; that he was innocent

of the charges and had entered the guilty plea as he felt pressured to do so."

Defendant sought to explain his delay in filing the motion on the ground that there had been no visit by his counsel. But there is no indication that a visit had been requested and counsel added a footnote stating that there was no need for such a visit prior to an interview with the Probation Officer.

The district court noted the complete absence of evidentiary support and held that defendant had not met his burden to show the plea was involuntarily made and that the request for withdrawal was bulwarked by a fair and just reason.

No further enlightenment as to defendant's reasons arose until six months later, on July 22, 2002, at defendant's sentencing hearing. Only then were specific grounds identified.

There are three such. The first is that appellant's mother had a "grave illness." On examination of the sentencing hearing record, this turns out to be appellant's mother's extreme fear of a trial and appellant's wishing to avoid that trauma so that she might recover. While deeply respecting such feelings, we could not very well accept such a reason as a sufficient basis to justify a belated withdrawal of plea motion, without dismantling the bulk of Fed. R. Crim. P. 11 jurisprudence.

Appellant's second reason is the belatedly surfacing statement from appellant's long incarcerated co-defendant, Velazquez-Rivera,

who stated that appellant was completely unaware of the pending drug sale of two kilograms of cocaine, and that appellant was present because Velazquez was going to sell a gold chain for appellant to one Cruz.[1] When Velazquez picked up the chain, appellant accompanied Velazquez to meet Cruz, but when they met, Velazquez approached Cruz "to prevent [appellant] from noticing the transaction [sale of the cocaine]." The skeptical reader may be forgiven for asking why appellant insisted on accompanying his appointed sales agent and why Velazquez allowed appellant to accompany him if he was so insistent on concealing the drug transaction from him. And, we note, there was no exculpatory explanation why appellant came to the scene with a loaded gun.

A final reason advanced by appellant was that the prosecutor was prejudiced against appellant, treating his co-defendants more favorably. This argument was not elaborated on with enough detail for us to make any judgment, certainly not a judgment that an egregious miscarriage of justice had occurred.

What we have observed about the absence of a sufficiently plausible articulated basis for change of plea also serves to address the adequacy of appellant's assertion of innocence. We add only that the absence of any attempt to justify the possession on

---

[1]This unsworn statement, dated December 5, 2001, was submitted to the court on May 29, 2002, with a motion for reconsideration of the court's denial of defendant's request to withdraw his plea.

his person of a loaded hand gun constitutes another barrier to the persuasiveness of his justification.

It remains to assess from the record whether appellant's plea of guilty was an understanding and voluntary one. We make allowances for some difficulty in hearing and a period of confusion in dealing with the court's Rule 11 questions. But the entire sequence of proceedings appears to us above any serious criticism. The plea agreement spelled out the counts of the indictment, the penalties, guidelines and calculations, the warnings, the rights surrendered, satisfaction with counsel. And the change of plea hearing was conducted with meticulous care by the district judge, with sensitivity to any difficulty of understanding registered by appellant. Counsel for appellant was not only one of recognized competence but was highly regarded by appellant. When asked if he was satisfied with counsel's representation, appellant replied, "very much so."

Our judgment, therefore, is that appellant has fallen far short of presenting the kind of compelling case that could mandate reversal. Were we to find an abuse of discretion on this record, there would be very little sense in conducting a Rule 11 hearing. The most careful inquiry and most deliberate answers would be swept away by "second thoughts . . . . about the wisdom of [an] earlier decision," Parilla-Tirado, 22 F.3d at 371.

Affirmed.