**UNITED STATES of America, Plaintiff–Appellee**

v.

**Richard E. BARBER, Defendant–Appellant.**

**No. 14–3896.**

United States Court of Appeals, Eighth Circuit.

Submitted: Jan. 11, 2016.

Filed: Feb. 29, 2016.

Allison Hart Behrens, Sayler Anne Ault Fleming, Thomas Joseph Mehan, Assistant U.S. Attorneys, U.S. Attorney's Office, Saint Louis, MO, for Plaintiff–Appellee.

Richard E. Barber, Forrest City, AR, pro se.

Lucille Gardner Liggett, Assistant, Federal Public Defender, Federal Public De-

fender's Office, Saint Louis, MO, for Defendant–Appellant.

Before WOLLMAN, MELLOY, and COLLOTON, Circuit Judges.

PER CURIAM.

Richard Barber pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced Barber to 100 months' imprisonment. On appeal, Barber contends the district court committed reversible error in two ways: (1) by failing to adequately explain the court's reasons for imposing a 100–month sentence; and (2) by failing to adequately consider Barber's mitigation evidence. We disagree with Barber's contentions and affirm.

### I.

Police officers of the St. Louis County, Missouri Police Department executed a traffic stop of a vehicle after observing the vehicle swerving from side to side and crossing the center lane of the roadway. Barber was a backseat passenger in the vehicle stopped for the moving violation. As the vehicle was pulled over, Barber handed a firearm to another backseat passenger, his girlfriend, Petter Alexander. Barber asked Alexander to hold the firearm. Prior to the police officers' seizure of the firearm, Barber and Alexander admitted the firearm belonged to Barber. During a pat down search of Barber, police officers found ammunition for another weapon. Later, police officers discovered more ammunition in Barber's residence.

At sentencing, the district court adopted the Presentence Investigation Report (PSR) with respect to the PSR's advisory guideline calculations. The court determined Barber's guideline range to be 100 to 120 months based on a total offense level of 25 and criminal history category V. The court sentenced Barber to 100 months, the low end of the applicable guideline range. In reaching that result, the court denied Barber's motion for a downward variance to 70 months.

### II.

"We review a sentence in two parts: first, we review for significant procedural error, such as an improper calculation of the advisory sentencing guideline range; and second, absent significant procedural error, we review for substantive reasonableness." *United States v. Sigillito*, 759 F.3d 913, 940 (8th Cir.2014) (quoting *United States v. Barker*, 556 F.3d 682, 689 (8th Cir.2009)).

### A.

Barber first contends that the district court procedurally erred at sentencing by failing to properly explain the court's reasons for imposing a sentence of 100 months. In response, the government argues that the district court properly followed the necessary procedures in deciding Barber's sentence.

The United States Supreme Court has discussed the requirements of a district court when explaining a sentence under 18 U.S.C. § 3553(a). *See Rita v. United States*, 551 U.S. 338, 356–59, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *United States v. Starfield*, 563 F.3d 673, 675 (8th Cir.2009) (quoting *Rita*, 551 U.S. at 356, 127 S.Ct. 2456). Rather, "[t]he sentencing judge need only 'set forth enough to satisfy the appellate court that

---

1. The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *Id.* (quoting *Rita,* 551 U.S. at 356, 127 S.Ct. 2456).

Here, the sentencing transcript indicates the district court considered the relevant § 3553(a) factors, such as the nature and circumstances of Barber's offense and his criminal history and characteristics; the parties' arguments; and the record, including Barber's PSR, motion for a variance, sentencing memorandum, supporting letters, and doctor's report. Specifically, the court discussed Barber's "pretty consistent history of violating the law." The court noted Barber has "a number of drug priors" and convictions for robbery and armed criminal action. Shortly after Barber's arrest for the armed criminal action, Barber was convicted "for stealing from a person that was reduced from a robbery." Following that conviction, Barber was "arrested in this incident, again with a gun." The court then stated that Barber has "continually violated the law in possession of and used firearms in commission of offenses." Having reviewed the sentencing transcript, we find no procedural error.

### B.

Barber next argues that the district court's sentence was substantively unreasonable because the district court failed to adequately consider Barber's mitigation evidence, including his mental health issues, strong family support, and pursuit of higher education. The government counters that Barber's sentence was substantively reasonable based on the totality of the circumstances.

"We review the substantive reasonableness of a sentence for abuse of discretion." *United States v. Woods,* 717 F.3d 654, 659 (8th Cir.2013). A district court abuses its discretion at sentencing if it: (1) "fails to consider a relevant factor that should have received significant weight"; (2) "gives significant weight to an improper or irrelevant factor"; or (3) "considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *Starfield,* 563 F.3d at 676 (quoting *United States v. Kowal,* 527 F.3d 741, 749 (8th Cir.2008)). "[A] court may 'give some factors less weight than a defendant prefers or more to other factors but that alone does not justify reversal.'" *United States v. Archambault,* 777 F.3d 982, 983 (8th Cir.2015) (quoting *United States v. Anderson,* 618 F.3d 873, 883 (8th Cir. 2010)).

In this case, Barber received a sentence within the advisory guideline range, and thus, we presume the sentence was "substantively reasonable." *Sigillito,* 759 F.3d at 941. Prior to sentencing Barber to the bottom of the advisory guideline range, the district court considered the relevant § 3553(a) factors. Barber takes issue with the weight given to Barber's mitigation evidence. The court exercised its discretion, however, to give more weight to the serious nature of Barber's criminal history and the facts of the instant offense, which included a gun and over 100 rounds of ammunition. *See Archambault,* 777 F.3d at 983 ("It was 'within the court's discretion to determine what weight to give each factor in the determination' of [the defendant's] sentence." (quoting *United States v. Gasaway,* 684 F.3d 804, 808 (8th Cir. 2012))). We are unconvinced the court abused its discretion in weighing the appropriate sentencing factors and pronouncing a within-guidelines sentence. *Id.*

### III.

For the reasons discussed above, we affirm the district court's sentence.