# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3110

_____

United States of America

*Plaintiff - Appellee*

v.

Robert Michael Freeman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 12, 2013
Filed: June 24, 2013

_____

Before RILEY, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Robert Freeman pled guilty to multiple charges related to methamphetamine distribution and possession of a firearm in relation to drug trafficking. The district court[1] sentenced Freeman to 110 months imprisonment for the drug counts and 60

---

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

months on the firearm count, to be served consecutively. Freeman now argues the district court committed procedural error by failing to address his objection to the Presentence Investigation Report ("PSR"). Additionally, Freeman argues his 170-month sentence was substantively unreasonable. We affirm.

I.

In January 2011, Freeman twice sold methamphetamine to a confidential informant working for the Kansas City Police Department. A sale on January 5, 2011, involved 4.1 grams of methamphetamine, and a second sale on January 19, 2011, involved 5.5 grams. After the second sale, officers conducted a traffic stop of Freeman's vehicle and placed him under arrest on an unrelated warrant. A search incident to arrest of Freeman's person yielded $1,804 in cash, $460 of which was prerecorded money supplied by the Kansas City police for the second confidential informant purchase. Later, in June 2011, Freeman was the subject of another traffic stop. Once again, Freeman was arrested on an unrelated warrant, and a search of the vehicle incident to arrest yielded a handgun, 10.9 grams of methamphetamine, and drug paraphernalia.

Following this second arrest, Freeman was indicted for one count of conspiracy to distribute methamphetamine, see 21 U.S.C. §§ 841(a)(1), 846, three counts of aiding the distribution of methamphetamine, see § 841(a)(1), 18 U.S.C. § 2, and one count of possessing a firearm in furtherance of drug trafficking, see 18 U.S.C. § 924(c)(1)(A). Freeman pled guilty to all five charges, and the court ordered a PSR.

The PSR held Freeman responsible for a total of 31.53 grams of methamphetamine (actual): 4.1 grams from the January 5 sale, 5.5 grams from the January 19 sale, 11.03 grams based on a conversion of cash recovered from Freeman

on January 19,[2] and 10.9 grams recovered in the June traffic stop. Based on this amount of methamphetamine, Freeman's base offense level was 28. After applying a three-level reduction for acceptance of responsibility, Freeman's total offense level was 25. When combined with Freeman's criminal history category (VI), the recommended Guidelines range was 110 to 137 months imprisonment for the four drug counts, and a mandatory minimum of 60 months for the firearm count.

Freeman objected to the PSR's calculation of his total offense level, arguing (1) the methamphetamine totals were greater than the actual purity of methamphetamine he possessed, (2) the cash converted into drugs was not derived from drug proceeds, and (3) the amount of cash converted was not equivalent to 11.03 grams of methamphetamine. Prior to the sentencing hearing, both parties filed sentencing memoranda discussing the 18 U.S.C. § 3553(a) factors in relation to Freeman's potential sentence.

At the sentencing hearing, defense counsel renewed Freeman's objections to the PSR, and the court heard arguments from both defense counsel and the government. The court then sentenced Freeman to 110 months imprisonment on the four drug charges, a consecutive 60 months imprisonment on the firearm charge, and 3 years supervised release. Freeman filed a timely appeal of his sentence.

---

[2]The PSR determined the $1,804 recovered from Freeman on January 19, 2011, was derived from drug sales. After subtracting the $460 in prerecorded money, the PSR converted the remaining $1,344 into methamphetamine (actual) based on the January 5 sale price of approximately $122 per gram. See United States Sentencing Commission, Guidelines Manual, §2D1.1, n.12 (Nov. 2011).

II.

Freeman presents two arguments on appeal. First, he argues the district court committed procedural error by failing to rule on his objections to the PSR. Second, he argues his 170-month sentence was substantively unreasonable.

A.

"In reviewing a sentence for procedural error, we review the district court's factual findings for clear error and its application of the guidelines de novo." United States v. Barker, 556 F.3d 682, 689 (8th Cir. 2009). Here, Freeman argues the district court committed procedural error by failing to rule on his objections to the PSR's calculation of total methamphetamine (actual). Although the sentencing record suggests the district court did, in fact, rule on Freeman's objections,[3] we need not reach the merits of this argument. Even if Freeman's alleged procedural error is credited, the alleged error is harmless because it did not impact the outcome of his sentencing. See United States v. Woods, 670 F.3d 883, 886 (8th Cir. 2012) ("[A] district court's Guidelines computation error is harmless if the government can show the procedural error did not substantially influence the outcome of the sentencing proceeding." (internal quotation marks omitted)).

Freeman objected to paragraph 17 of the PSR, specifically the conversion of $1,344 seized during his January 19 arrest into 11.03 grams of methamphetamine. Freeman did not object, however, to the amounts of methamphetamine attributed to him in paragraphs 7, 9, and 13. "This court has repeatedly held that unless a

---

[3] At the sentencing hearing, Freeman's counsel specifically mentioned the prior objection to the PSR, but did not present any additional arguments on the issue. Sentencing Hr'g Tr. 3. The Government briefly responded. Sentencing Hr'g Tr. 3. Later, the district court stated, "Well, with regard to the objection, I'm going to rule adversely to the defendant on the objection." Sentencing Hr'g Tr. 12.

defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes." United States v. Oaks, 606 F.3d 530, 541 (8th Cir. 2010) (quotation omitted). Thus, these unobjected-to paragraphs can properly be used to hold Freeman accountable for at least 20.5 grams of methamphetamine.

Critically, the Guidelines base offense level for the amount of methamphetamine Freeman did not object to ( 20.5 grams) is the same as for the amount of methamphetamine actually used in the PSR (31.53 grams). See USSG §2D1.1(c)(6) (assigning base offense level 28 for "at least 20 G but less than 35 G of Methamphetamine (actual)"). Thus, even if we assume Freeman's objection is valid, unobjected-to facts in the PSR establish an amount of methamphetamine (actual) resulting in the same Guidelines base offense level used by the district court when calculating Freeman's Guidelines range. Consequently, the alleged procedural error would not have substantially influenced the outcome of Freeman's sentencing, and thus was harmless.

B.

Freeman also argues his 170-month sentence is substantively unreasonable under 18 U.S.C. § 3553(a) and the parsimony principle. We "review the 'substantive reasonableness of the sentence' under the abuse-of-discretion standard considering the totality of the circumstances." United States v. Alvizo-Trujillo, 521 F.3d 1015, 1017 (8th Cir. 2008) (quoting Gall v. United States, 128 S. Ct. 586, 597 (2007)). "A sentence within the guideline range is given a presumption of substantive reasonableness on appeal." United States v. Norris, 685 F.3d 1126, 1128 (8th Cir. 2012) (per curiam) (quotation omitted).

After reviewing sentencing memoranda from both parties that extensively discussed the section 3553(a) factors, the district court stated that "the advisory

sentencing guideline range is not unreasonable in this case and not greater than necessary." Sentencing Hr'g Tr. 13; see also United States v. Zastrow, 534 F.3d 854, 855 (8th Cir. 2008) ("A mechanical recitation of the § 3553(a) factors is unnecessary, . . . particularly when a judge elects simply to apply the advisory guideline range to a particular case." (quotation omitted)). The court then sentenced Freeman to 110 months imprisonment for the four drug counts, the bottom of the Guidelines range, and a consecutive 60 months imprisonment for the firearm count, the statutory minimum. Although Freeman suggests we could reasonably conclude his case warrants a less severe sentence, this fact standing alone is not sufficient grounds for reversal. See United States v. Braggs, 511 F.3d 808, 812 (8th Cir. 2008) ("Reversal is not justified on grounds that we could reasonably conclude that a different sentence was appropriate."). Considering the totality of the circumstances, the district court did not abuse its considerable discretion in sentencing Freeman to 170 months imprisonment.

III.

Accordingly, we affirm.

_____