# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3824
_____

United States of America

*Plaintiff - Appellee*

v.

Robert Joseph Downwind

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 21, 2013
Filed: December 2, 2013

_____

Before RILEY, Chief Judge, MURPHY and COLLOTON, Circuit Judges.

_____

RILEY, Chief Judge.

Robert Joseph Downwind pled guilty to one count of burglary in the first degree in Indian country. The district court[1] sentenced Downwind to a prison term of 151

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

months. On appeal, Downwind argues the sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND[2]

During the early morning of July 24, 2011, on the Red Lake Indian Reservation in Minnesota, Downwind, a Native American, cut the screen of an open window and entered the home of S.D.R., a sixty-six year old Native American woman, without permission and with the intention to steal. Downwind encountered S.D.R. and briefly struggled with her, took her cane, and pushed her to the ground. He then stole S.D.R.'s purse and fled the home. Within an hour, officers arrested Downwind, and S.D.R. identified him as the burglar. Two days later, officers found S.D.R.'s purse in Downwind's father's home. Downwind pled guilty to burglary in the first degree in violation of 18 U.S.C. §§ 1151 and 1153 and Minnesota statute § 609.582, subd. 1(c).

At the sentencing hearing, the district court found Downwind's United States Sentencing Guidelines (Guidelines) adjusted base offense level to be 29 and criminal history category to be VI, resulting in an advisory Guidelines range of 151 to 188 months. The district court heard both Downwind's allocution and defense counsel's description of Downwind's difficult and abusive upbringing and chronic substance abuse. The district court stated it had read the PSR, examined the pertinent case law, and "reviewed all submissions of counsel regarding their sentencing positions on this matter." Noting it had "reviewed the factors" dictated by 18 U.S.C. § 3553[a], the district court found Downwind "is a career criminal" and "the offense involved in this matter is one that makes the guideline calculations reasonable." The district court then sentenced Downwind to 151 months imprisonment. The district court acknowledged Downwind had an "unfortunate history" as a child and an adult and the sentence was

---

[2]Absent any objection from Downwind, the district court adopted the factual statements in the Presentence Investigation Report (PSR) for the sentencing hearing.

"an extreme amount of time," yet the district court explained, "the violence that was involved in this case cannot be excused," and the sentence would promote "safety in the community." Downwind objected to the sentence at the hearing and now appeals.

## II.    DISCUSSION

In reviewing a district court's sentencing decision, an appellate court "must first ensure that the district court committed no significant procedural error." Gall v. United States, 552 U.S. 38, 51 (2007). Downwind does not allege any procedural error. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting Gall, 552 U.S. at 51). "When we review the imposition of sentences, . . . we apply 'a deferential abuse-of-discretion standard.'" United States v. Hayes, 518 F.3d 989, 995 (8th Cir. 2008) (quoting Gall, 552 U.S. at 41). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Feemster, 572 F.3d at 461 (quotation omitted). Yet "[a] mechanical recitation of the § 3553(a) factors is unnecessary, . . . particularly when a judge elects simply to apply the advisory guideline range to a particular case." United States v. Freeman, 718 F.3d 1002, 1005-06 (8th Cir. 2013) (quoting United States v. Zastrow, 534 F.3d 854, 855 (8th Cir. 2008)). "Where, as here, a sentence imposed is within the advisory guideline range, we typically accord it a presumption of reasonableness." United States v. Deegan, 605 F.3d 625, 634 (8th Cir. 2010).

Downwind argues the district court abused its sentencing discretion because the 151-month sentence is "substantively unreasonable." Downwind claims the district court did not place enough emphasis on mitigating factors such as his unfortunate childhood and his drug addiction, and a lesser sentence, coupled with drug addiction treatment, would accomplish the goals of sentencing. "Although [Downwind] suggests we could reasonably conclude his case warrants a less severe sentence, this fact standing alone is not sufficient grounds for reversal." Freeman, 718 F.3d at 1006.

Upon careful review of the sentencing record, we conclude the district court accurately determined the applicable advisory Guidelines range and appropriately considered and weighed the § 3553(a) factors in light of Downwind's criminal and personal history. Based on this violent home invasion and physical attack and on Downwind's individual history, the district court did not abuse its discretion by sentencing Downwind to 151 months imprisonment, a presumptively reasonable sentence at the bottom of the Guidelines range.

## III. CONCLUSION

Downwind's sentence is not substantively unreasonable, and we affirm.

_____