# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-2692

_____

United States of America

*Plaintiff - Appellee*

v.

William Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 11, 2016
Filed: July 15, 2016
[Unpublished]

_____

Before LOKEN, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

William Smith appeals his 168-month sentence for distribution of child pornography as substantively unreasonable. We affirm.

## I. *Background*

Smith pleaded guilty to one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). At sentencing, the district court[1] adopted the presentence investigation report's (PSR) Guidelines calculations. Specifically, the district court found a base offense level of 22, pursuant to U.S.S.G. § 2G2.2(a)(2); a two-level increase for material involving a prepubescent minor, pursuant to U.S.S.G. § 2G2.2(b)(2); a five-level increase for the distribution of child pornography for the receipt of a thing of value, pursuant to U.S.S.G. § 2G2.2(b)(3)(B); a four-level increase for material portraying sadistic or masochistic conduct, pursuant to U.S.S.G. § 2G2.2(b)(4); a two-level increase for the use of a computer or interactive computer service, pursuant to U.S.S.G. § 2G2.2(b)(6); a two-level increase because the offense involved at least 10 but fewer than 150 images, pursuant to U.S.S.G. § 2G2.2(b)(7)(A); a three-level decrease for acceptance of responsibility, pursuant to U.S.S.G. §§ 3E1.1(a) and 3E1.1(b); a total offense level of 34 after accounting for the adjustments; a criminal history category of II; and a Guidelines range of 168 to 210 months' imprisonment.

The sole contested issue at sentencing was Smith's motion for a downward variance. The court denied the variance and sentenced Smith to 168 months' imprisonment, the bottom of the Guidelines range. "In arriving at a disposition," the district court stated that it had "carefully considered each and every factor under 18 United States Code Section 3553(a)." It recognized its "power to vary from the advisory guideline range" and "the guiding principle . . . to select . . . a sentence that is sufficient but not greater than necessary to achieve the goals of sentencing." "In regard to Mr. Smith's case," the court "specifically . . . considered the oral and written arguments for a variance and the resistance by the United States." In addition to considering "the individual arguments," the court also considered "collectively

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

whether all of those factors taken into account would be a basis in my mind for a variance." Thereafter, the court discussed some of the mitigating and aggravating factors and determined that "[t]he aggravating factors. . . far outweigh any mitigating factors." The court "found no basis for a variance from the advisory guideline range of 168 months to 210 months."

## II. *Discussion*

On appeal, Smith argues that although the district court did not procedurally err in calculating his Guidelines range, his 168-month Guidelines sentence is substantively unreasonable "[b]ased on his lack of serious criminal history, his performance on pretrial release, his gainful employment history, his mental health history, and the circumstances of this offense."

"We review the reasonableness of the district court's sentences for abuse of discretion." *United States v. Canania*, 532 F.3d 764, 773 (8th Cir. 2008) (citation omitted). Smith's 168-month sentence is at the bottom of his advisory Guidelines range. "[A] sentence below or within the Guidelines range is presumptively reasonable on appeal." *Id*. (citation omitted). "It is the defendant's burden to rebut the presumption and to show that the sentence should have been lower." *United States v. Goodale*, 738 F.3d 917, 926 (8th Cir. 2013) (citation omitted). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (quotation and citation omitted).

"Where the district court in imposing a sentence makes an individualized assessment based on the facts presented, addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable." *United States v. Stults*, 575 F.3d 834, 849 (8th Cir. 2009) (quotation and citation omitted). "The sentencing judge need only set forth enough to satisfy the

appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Starfield*, 563 F.3d 673, 675 (8th Cir. 2009) (quotation and citation omitted).

"Here, the sentencing transcript indicates the district court considered the relevant § 3553(a) factors, such as the nature and circumstances of [Smith's] offense and his criminal history and characteristics; the parties' arguments; and the record, including [Smith's] PSR, motion for a variance, [and] sentencing memorandum . . . ." *See United States v. Barber*, 637 F. App'x 270, 272 (8th Cir. 2016) (unpublished per curiam). As a result, we conclude that "the district court did not abuse its discretion by sentencing [Smith] to [168] months['] imprisonment, a presumptively reasonable sentence at the bottom of the Guidelines range." *See United States v. Downwind*, 736 F.3d 785, 787 (8th Cir. 2013).

### III. *Conclusion*
Accordingly, we affirm the judgment of the district court.

_____