# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2088
_____

United States of America

*Plaintiff - Appellee*

v.

Waun Ramon Ivory

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: January 17, 2025
Filed: July 30, 2025
[Published]
_____

Before LOKEN, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

In October 2023, Waun Ivory pleaded guilty to possession of cocaine and cocaine base in a federal detention facility in violation of 18 U.S.C. § 1791(a)(2) and (b)(1). The Presentence Investigation Report ("PSR") calculated a total offense level of 11 and Ivory's criminal history as Category III, resulting in an advisory sentencing guidelines range of 12 to 18 months imprisonment. Before sentencing, the probation

officer filed a PSR addendum detailing a second discovery of contraband in Ivory's cell. The district court[1] sentenced Ivory to 96 months imprisonment, a significant upward variance. He appeals, contending that the district court committed procedural error and the sentence is substantively unreasonable. We affirm.

## I. Background

In 2017, Ivory pleaded guilty to being a felon in possession of a firearm. After serving a 60-month sentence, he began a three-year term of supervised release. He quickly "disengaged" from supervision, failing a drug test, refusing to participate in mental health counseling, and neglecting to report being contacted by police. When Ivory's probation officer could not locate him, the district court issued a warrant for his arrest. On October 9, 2022, Ivory was arrested and charged with felony assault for initiating an altercation at a residence and dislocating a woman's shoulder as she attempted to call the police. He was taken into federal custody at the Cole County Jail on October 10 and remained in custody pending his revocation hearing.

On March 6, 2023, jail staff searched Ivory and his cell following an overdose by another inmate. Staff discovered a razor blade unsheathed from its safety case, contrary to jail rules, and a plastic bag in Ivory's sock containing approximately 0.24 grams of a substance later determined to be cocaine base. A May 30 indictment charged him with possession of cocaine and cocaine base in a federal detention facility in violation of 18 U.S.C. § 1791(a)(2) and (b)(1). Ivory pleaded guilty to that offense on October 26, 2023. His supervised release was revoked, and the district court separately sentenced him to 24 months imprisonment for multiple supervised release violations.

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

As noted, the PSR for Ivory's contraband offense initially calculated an advisory guidelines sentencing range of 12 to 18 months imprisonment. On January 7, 2024, jail staff found three white pills, a razor which they had failed to collect, and a jail-issued toothbrush with the end filed to a point. The probation officer's PSR addendum detailed this second discovery of contraband and noted that the filed toothbrush could cause physical damage if used to stab another person. The pills were Risperidone, a prescribed antipsychotic provided by jail staff. Accumulating the pills instead of ingesting them daily as prescribed violated jail rules.

At sentencing, the government sought an upward variance to 96 months imprisonment. It introduced a photograph of what it referred to as the toothbrush "shank" and argued it was clearly intended to be used as a weapon. The government also noted that Ivory had committed two contraband offenses, the second while in custody awaiting sentencing for this offense. Ivory requested a sentence of 3 months. Counsel urged the court to focus on the conduct charged, possession of cocaine base, and noted Ivory's mental health struggles. Counsel explained that Ivory intended to use the sharpened toothbrush as a tool to open his headphones to fix the wiring and to cut holes in his bed sheets to tie them down.

The district court accepted the government's recommendation and sentenced Ivory to 96 months imprisonment. The court observed: "When I look at the nature and circumstances of the offense, I do understand the government's argument that the timing of this offense is very aggravating." He made these decisions while in custody after he was "given a lot of breaks and opportunities." The court recounted multiple violent incidents in Ivory's criminal history dating back more than a decade. Despite a significant downward variance in the sentence for his 2017 felon-in-possession offense, "his conduct was to have incidents while in prison and then . . . to not do well on supervised release. And then he was revoked. And he continues to have issues and continues to not respect the law. . . . [H]e has not been deterred from continuing criminal conduct." In summary, the court stated that the 96-month sentence reflected

his continued reluctance to follow the rules and to pose a danger to those around him with having a razor blade and that he was found with the drugs. But then even after that, he continues to keep a razor blade.

So much of the nature and circumstances of the offense weigh against him in wanting to not follow the law, have no respect for the law, and have drugs because he was bored and wanted to pass the time. That's his decision making.

He's received a seven-year sentence at one point by Missouri, and that didn't . . . incentivize him . . . or deter him from criminal conduct. Judge Bough gave him a break of five years. Two years was added onto that, so he got a total of seven years from Judge Bough for the various criminal conduct. And here we are today, and the government's asking for an eight-year sentence.

The court further explained that its upward variance

is based . . . on the nature and circumstances of the offense; the history and characteristics of you, in particular, your violent and criminal history; the need to promote respect for the law; the need to somehow . . . deter you from any further criminal conduct; and to protect the public from any further crimes you may be inclined to commit.

## **II. Discussion**

**A.** In reviewing the imposition of a sentence, we

first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.

Gall v. United States, 552 U.S. 38, 51 (2007); see United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Ivory argues the district court committed significant procedural error by selecting a sentence based on clearly erroneous facts, namely, "rush[ing] to incorrect conclusions concerning his criminal history," making erroneous assumptions "concerning the intended purpose of the toothbrush and the intended character of the razor" found in his cell, and "purport[ing] to cure perceived deficiencies in past sentences."

We conclude Ivory has no legitimate claim of procedural error. First, Ivory made no timely objection to the facts stated in the PSR, which the district court adopted, and did not contest the PSR's characterization of his conduct. Indeed, at sentencing, counsel stated that Ivory had "no objections" to the PSR and explained that Ivory "doesn't necessarily agree to all of the substance of the events referenced . . . . But he also doesn't dispute that the records may reflect what was expressed in the presentence report." We do not recognize implied objections to facts stated in the PSR; we require that objections be made with specificity and clarity. Otherwise, the district court may rely on the PSR's factual statements. See United States v. Freeman, 718 F.3d 1002, 1005 (8th Cir. 2013); United States v. Razo-Guerra, 534 F.3d 970, 976 (8th Cir. 2008), cert. denied, 555 U.S. 1193 (2009). Thus, Ivory failed to preserve a claim that the court committed procedural error by relying on clearly erroneous facts.

Second, Ivory's claims of procedural error address factors that govern the second issue we take up in reviewing the imposition of sentences -- whether the district court has imposed a substantively unreasonable sentence. "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Feemster, 572 F.3d at 461 (quotation omitted).

Ivory contends the district court improperly assumed he intended to use the toothbrush and razors as weapons. The government argued the filed toothbrush was a "shank" intended to be used as a weapon. The court made no finding to that effect but referred to both razors discovered by jail staff and noted more generally (and accurately) that Ivory continued to flout custodial rules and pose a danger to those around him. The sentencing court "may consider any relevant information that may assist the court in determining a fair and just sentence," as long as the information has a "sufficient indicia of reliability to support its probable accuracy." United States v. Gant, 663 F.3d 1023, 1029 (8th Cir. 2011) (quotation omitted). A photograph of the sharpened toothbrush was introduced as an exhibit, it was described in the PSR addendum, and Ivory was twice discovered in possession of razors in his cell. The inference that he therefore posed a danger to jail staff and other inmates was factually supported and relevant to the court's decision to vary upward.

Ivory next argues the district court assumed he "was more violent than he actually was because of details in his criminal history, which Mr. Ivory had opposed." But there was no objection to the criminal history described in the PSR, only a general assertion that Ivory "doesn't necessarily agree to all of the substance of the events referenced" in the PSR but "doesn't dispute that the records may reflect what was expressed." Thus, the record fully supports the district court's recounting of the PSR details of Ivory's past assault and armed robbery convictions, and actions he took while in custody for previous offenses, including punching an officer in the face and throwing another officer into a wall.

Ivory further argues the district court committed procedural error by failing to address "or seem to consider" his mental health issues and the "inherently non-violent" nature of the offense conduct, and by varying upward to cure deficiencies in his prior sentences. The first two contentions are factually wrong -- the court engaged with Ivory's counsel and Ivory directly on his mental health issues and how they should factor into his sentence. The underlying contraband offense -- unlawfully

-6-

possessing drugs in jail -- was potentially violent, and his possession of unauthorized razors and a file-sharpened toothbrush in a confined custodial setting posed an imminent threat of violence. As for the third contention, it is well established that it is not an abuse of discretion to consider a previous sentence "as a 'benchmark' for finding the punishment that is apparently necessary to deter [the defendant] from repeating his criminal behavior." United States v. David, 682 F.3d 1074, 1078 (8th Cir. 2012).

To summarize, the district court properly calculated the advisory guidelines range and committed no other procedural error.

**B.** Ivory next argues that the district court abused its discretion by imposing a substantively unreasonable sentence. Ivory asserts that the district court gave unreasonable weight to certain violent aspects of his criminal history and argues the sentence does not serve the goal of deterrence. We apply a deferential abuse-of-discretion standard in reviewing the sentence imposed by the district court. Feemster, 572 F.3d at 461. A district court has "wide latitude to weigh the 18 U.S.C. § 3553(a) sentencing factors and to assign some factors greater weight than others." United States v. Haskins, 101 F.4th 997, 1000 (8th Cir. 2024) (quotation omitted). "It is well-settled that factors taken into account in calculating the advisory guidelines range can form the basis of an upward variance" and that "a sentencing court may vary upward based on criminal history already accounted for by the Guidelines." United States v. Manuel, 73 F.4th 989, 993 (8th Cir. 2023).

Ivory argues the district court failed to properly address the "characteristics of the defendant" because it did not adequately consider his mitigating sentencing factors, and its substantial upward variance does not comply with the "need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(1) and (6). We disagree.

-7-

As noted, the court thoroughly explained its application of the § 3553(a) factors and afforded them due consideration. "[W]e do not require a district court to categorically rehearse each of the section 3553(a) factors on the record when it imposes a sentence as long as it is clear that they were considered." United States v. Dieken, 432 F.3d 906, 909 (8th Cir.), cert. denied, 549 U.S. 866 (2006). Here, the court discussed at length how Ivory's mental health issues should factor into his sentence. Regarding the second contention, "[a] district court necessarily gives significant weight and consideration to the need to avoid unwarranted disparities where, as here, it correctly calculates and carefully reviews the Guidelines range." United States v. Castillo, 117 F.4th 1021, 1024 (8th Cir. 2024) (quotations omitted).

In explaining its decision to impose a significant upward variance, the court evaluated the nature of the offense and Ivory's continued refusal to follow the law despite having received a lenient felon-in-possession sentence initially. The court concluded that "much of the nature and circumstances of the offense weigh against him in wanting to not follow the law, have no respect for the law, and have drugs because he was bored and wanted to pass the time. That's his decision making."

Given Ivory's extensive history of violent offenses, the most recent occurring just months into his term of supervised release following a lenient 60-month sentence, our prior cases confirm that the court did not abuse its discretion in placing great weight on his criminal history and the need to deter similar criminal conduct in the future. We have upheld sentences longer than Ivory's, with significant upward variances, as not substantively unreasonable. See, e.g., United States v. Parker, 112 F.4th 621, 622 (8th Cir. 2024) (affirming 180-month drug distribution sentence that varied upwards from guidelines range of 70 to 87 months); United States v. Richart, 662 F.3d 1037, 1043-44, 1051-57 (8th Cir. 2011) (affirming consecutive 60-month sentences totaling 120 months imprisonment for making false statements to an FBI agent when guidelines range was zero to 6 months on each count), cert. denied, 566 U.S. 952 (2012). The district court's justifications for the upward variance "rest

on precisely the kind of defendant-specific determinations that are within the special competence of sentencing courts." <u>Feemster</u>, 572 F.3d at 464.

The judgment of the district court is affirmed.

_____